IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUDY K. JONES,<br><br>    Plaintiff,<br><br>v.<br><br>CUSTER COUNTY, a political subdivision, et al.,<br><br>    Defendants. | Case No. 8:17CV394<br><br>**STATE DEFENDANTS'<br>BRIEF IN SUPPORT<br>OF MOTION TO DISMISS** |

## INTRODUCTION

Plaintiff, Judy K. Jones, has filed a Complaint pursuant to 42 U.S.C. § 1983 against Defendants Jeff Rogers, David Sankey, and Chris Kober, in their individual capacities only. Plaintiff has also named a Nebraska state agency, the Nebraska State Patrol (collectively "State Defendants"). Specifically, Plaintiff alleges the arrest, prosecution, and confinement of Plaintiff violated her civil rights.

The State Defendants, by and through counsel, have filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6). State Defendants offer the instant brief in support of said motion.

## FACTS AS PLED BY PLAINTIFF FOR THE INSTANT MOTION TO DISMISS

1. The Nebraska State Patrol ("NSP") is a state law enforcement agency in the State of Nebraska. (Filing No. 1, ¶ 9)

2. Defendant Colonel David Sankey was the Superintendent of Law Enforcement and Public Safety for the NSP during the material times as pled by Plaintiff. (Id., ¶ 10)

3. Defendants Jeff Rogers and Chris Kober were employed by the NSP as investigators. (Id., ¶¶ 11-12)

4. In 2011, Plaintiff, Judy K. Jones ("Jones"), was working and participating in the State of Nebraska as a Direct Entry Midwife. (Id., ¶¶ 15, 18)

5. Jones was contracted by Jeff and Whitney Fenske to assist in the home birth delivery of their child. (Id., ¶ 19; *see also* Exhibit No. 1 attached to Plaintiff's Complaint, p. 1)

6. On September 24, 2011, Whitney Fenske gave birth to a son, Eli Fenske, at her home with Jones present. (Id., ¶ 22)

7. Not long after his birth, Eli's breathing became problematic and he struggled to sustain breathing on his own. (Id., ¶ 24)

8. Jones and the Fenskes then recognized Eli needed to be transported to a hospital. Eli was transported to an emergency room in Broken Bow, Nebraska. (Id., ¶ 25)

9. The medical staff at the emergency room in Broken Bow, Nebraska were unable to stabilize Eli and he continued to struggle with his breathing. Eli was then transported to Good Samaritan Hospital in Kearney, Nebraska, and then eventually airlifted to the University of Nebraska Medical Center in Omaha, Nebraska. (Id., ¶¶ 27-32)

10. On October 10, 2011, while at the University of Nebraska Medical Center in Omaha, Eli was placed on hospice care and discharged on October 11, 2011. (Id., ¶ 36)

11. Eli survived for twenty-six days after birth, but eventually died on October 20, 2011 from dehydration and malnutrition secondary to withdrawal of food and fluids on hospice care. (Id., ¶ 37)

12. Defendants and NSP investigators Rogers and Kober, conducted an investigation into the death of Eli Fenske. (Id., ¶ 47)

13. During the course of their investigation, Jones alleges Defendants Rogers and Kober interviewed Jeff Fenske, Whitney Fenske, two medical doctors named Dr. Angela Pruden, Dr.

David Bolam, and also contacted the State of Nebraska Licensure Unit of the Nebraska Department of Health and Human Services. (Id., ¶ 48)

14. Jones alleges Defendants Rogers and Kober relied upon the summary statement of a medical doctor, Dr. David Bolam, at the University of Nebraska Medical Center in Omaha to conclude Plaintiff had been reckless in her care of the infant Eli Fenske. (Id., ¶ 50)

15. On or about December 10, 2012, Defendant Rogers presented the Custer County Attorney's Office with an Affidavit for Arrest Warrant for the arrest of Jones for manslaughter, a Class III Felony. (Id., ¶ 53)

16. On or about December 10, 2012, Jones was charged in a complaint filed by Custer County Attorney, Defendant Glenn Clark, with Manslaughter for causing the death of Eli Fenske. (Id., ¶ 56)

17. On or about March 21, 2013, Defendant Clark filed amended charges in a complaint against Jones, specifically, Manslaughter for causing the death of Eli Fenske, a Class III Felony, and Practicing Without a License, for practicing medicine, a Class III Felony at the time. (Id., ¶ 57)

18. On April 4, 2013, the original Complaint that was filed on December 10, 2012 and Amended Complaint that was filed on March 21, 2013, were dismissed by Judge Alan Brodbeck of the Custer County Court following a preliminary hearing. (Id., ¶ 61)

19. On or about June 13, 2013, Plaintiff was charged by the Custer County Attorney's Office with manslaughter for causing Eli Fenske's death, practicing medicine or nursing without a Nebraska license, criminal impersonation, child abuse for committing a negligent offense resulting in the death of a child and child abuse for committing a knowing and intentional offense which results in the death of a child. On July 31, 2017, the matter was bound over to District Court. (Id., ¶¶ 66, 69)

20. On October 19, 2015, the re-filed charges were dismissed by the Custer County Attorney. (Id., ¶ 77)

## LEGAL STANDARDS

*Standard for Motion to Dismiss Pursuant to Rule 12(b)(1)*

A party may assert the defense that the court lacks subject matter jurisdiction to hear the underlying case. Fed. R. Civ. P. 12(b)(1). A motion under Rule 12(b)(1) allows the Court to address the threshold question of jurisdiction, as judicial economy demands that the issue be decided at the outset rather than deferring it until trial. *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990). The party asserting jurisdiction bears the burden of proving that jurisdiction is proper. *Great Rivers Habitat Alliance v. FEMA*, 615 F.3d 985, 988 (8th Cir. 2010).

It is axiomatic that Eleventh Amendment sovereign immunity implicates the subject matter jurisdiction of a federal court. *Cernik v. Nebraska*, 2010 U.S. Dist. LEXIS 109670 n. 2, 2010 WL 4053609 (D. Neb. 2010) (quoting *Jones v. United States*, 255 F.3d 507, 511 (8th Cir. 2001). Accordingly, a federal court lacks subject matter jurisdiction to hear a plaintiff's claims where such claims are barred by the doctrine of sovereign immunity. *See Id.*

*Standard for Motion to Dismiss Pursuant to Rule 12(b)(6)*

The Court should apply the Fed. R. Civ. P. 12(b)(6) standard it applied in *Prism Techs., LLC v. Cellco Partnership*, 2012 U.S. Dist. LEXIS 126622, *3-5, 2012 WL 3867997 (D. Neb. 2012).

A complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Consequently, a motion to dismiss may be granted when the plaintiff has failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Twombly*, 550 U.S. at 555 (internal quotations omitted).

"*Twombly* and *Iqbal* did not abrogate the notice pleading standard of Rule 8(a)(2). Rather, those decisions confirmed that Rule 8(a)(2) is satisfied 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678; citing *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). "The complaint must 'provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind.' Otherwise, a plaintiff with no hope of showing proximate causation could require inefficient expenditure of resources and potentially induce a defendant to settle a meritless claim." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (quoting *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005)).

"When ruling on a motion to dismiss, the court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005). "The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678.) "It is not, however, a 'probability requirement.'" *Id.*

<u>Standard for Qualified Immunity</u>

When assessing a plea of qualified immunity at the motion to dismiss stage, a court must decide on the basis of the pleadings: (1) whether the facts alleged or shown by the plaintiff make out a violation of a constitutional right; and (2) if so, whether the right was clearly established at the time of the defendant's alleged violation. Fed. R. Civ. P. 12(b)(6); *Rocket Learning, Inc. v. Rivera-Sanchez*, 715

F.3d 1 (1st Cir. 2013). Unless both requirements are satisfied, officers are entitled to qualified immunity. *Williams v. Decker*, 2014 WL 3538499, *2 (8th Cir. 2014).

## ARGUMENT

### I. JONES' CASE IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS.

Federal law is controlling and preempts any conflicting state law in determining § 1983 claims because of the Supremacy Clause found in the U.S. Constitution Art. VI. *See Gordon v. Community First St. Bank*, 255 Neb. 637, 653, 587 N.W.2d 343 (1998); *St. Louis Southwestern Railway Co. v. Dickerson*, 470 U.S. 409 (1985) (where federal substantive law collides with state procedural law, federal substantive law shall prevail). However, when liability is created by federal law, and that law is silent as to the statute of limitations, the most appropriate state law should be applied. *See, Wilson v. Garcia*, 471 U.S. 261, 105 S. Ct. 1938 (1985)(federal rather than state law governs the characteristics of a § 1983 claim for statute of limitations purposes and court must look to most appropriate state statute of limitations).

Under *Wilson* and subsequent case law, the courts look to the personal injury statutes within the States to determine the applicable statute of limitations. In Nebraska, that statute provides for a <u>four</u> year statute of limitations on cases brought under 42 U.S.C. § 1983. Neb. Rev. Stat. § 25-207. "Actions filed under 42 U.S.C. § 1983 are subject to the statute of limitations provided in § 25-207." *Epp v. Gunter*, 677 F. Supp. 1415 (D. Neb. 1988); *Bauers v. City of Lincoln*, 245 Neb. 632, 514 N.W.2d 625 (1994).

#### A. Count I – Malicious Prosecution

When applying a statute of limitations, an action accrues and the statutory time within which the action must be filed begins to run when the injured party has the right to institute and maintain a law suit, although the party may not know the nature and extent of the damages. *Gordon v. Connell*, 249 Neb. 769, 545 N.W.2d 722 (1996); *Bauers v. City of Lincoln*, 245 Neb. 632, 514 N.W.2d 625 (1994);

*Murphy v. Spelts-Schultz Lumber Co.*, 240 Neb. 275, 481 N.W.2d 422 (1992); *L. J. Vontz Constr. Co. v. Department of Roads*, 232 Neb. 241, 440 N.W.2d 664 (1989).

In the instant case, Jones' First Cause of Action is titled "1983 – Malicious Prosecution." (Filing No. 1, p. 15) However, as argued more fully below, no such cause of action exists in this Circuit for "malicious prosecution." (*See Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 977 (8th Cir. 1993)(It is well established in this circuit that "[a]n action for malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury.") Defendants contend below Jones' Count I should be dismissed on that fact alone. However, if the Court interprets Jones' Count I to contain other theories of recovery against the State Defendants, the case should still be dismissed as the applicable statute of limitations bars the action.

In *Wallace v. Kato*, the United States Supreme Court examined when the statute of limitations should begin to run for false arrest and imprisonment claims arising from malicious prosecution. Notably, the Court's Opinion finds the following:

> Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process—when, for example, he is bound over by a magistrate or arraigned on charges. 1 Dobbs, supra, § 39, at 74 [D. Dobbs, Law of Torts (2001)], n. 2; Keeton, supra, § 119, at 888 [W. Keeton, D. Dobbs, R. Keeton, & D. Owen, Prosser and Keeton on Law of Torts (5th ed. 1984)]; H. Stephen, Actions for Malicious Prosecution 120–123 (1888).

Accordingly, the claim ends when the plaintiff becomes detained pursuant to legal process. In the instant case, Jones' cause of action arose sometime after September 24, 2011 (date of Birth of Eli Fenske) and December 10, 2012 (Date Plaintiff was charged). Jones alleges she was charged in a complaint filed by Custer County Attorney on December 10, 2012. (Filing No. 1, ¶ 56) Amended charges were then filed against Jones on March 21, 2013. (Id., ¶ 57) The original charges and the amended complaint were dismissed on April 4, 2013. (Id., ¶ 61) Charges were then re-filed on June 13, 2013 against Jones by the Custer County Attorney. (Id., ¶ 66) The instant lawsuit was filed on

October 17, 2017.  (*See* Filing No. 1)  Jones' case was filed well after the applicable 4 year statute of limitations and should be dismissed accordingly.

Jones' Complaint references other Constitutional Amendments including the 1st, 4th, 5th, 6th, 8th, and 14th.  State Defendants argue that these claims are also barred by the applicable statute of limitations as well. (*See* Filing No. 1, ¶¶ 90-101)  What is clear from the allegations contained in Jones' Complaint is that the State Defendants <u>had no further involvement</u> beyond the initial investigation that occurred in 2012-2013, again making these claims time barred.  (*See* Filing No. 1, ¶ 63; "thereafter, no additional investigation was conducted by the Defendant Nebraska State Patrol, Defendant Sankey, Defendant Kober. . .")  Under federal law, the statute of limitations begins to run once the plaintiff knows or has reason to know of the injury which is the basis of the action.  *DePugh v. Smith,* 880 F.Supp 651, 658 (N.D. Iowa, 1995)(citing *Gatrell v. Garrell*, 981 F.2d 254, 257 (5th Cir. 1993), and *Bressler v. Graco Children's Prod., Inc.*, 43 F.3d 379 (8th Cir. 1994).  Jones became aware of any and all violations at the time she was investigated, arrested, and later detained.  Consequently, all of these claims are time barred and should be dismissed.

### B.  Count II – Conspiracy

A claim of civil conspiracy is not actionable in itself, but serves to impose vicarious liability for the underlying wrongs of those who are party to the conspiracy. *Riddell v. Riddell Washington Corp.*, 866 F.2d 1480 (D.C. Cir.1989). *See, Treptow Co. v. Duncan Aviation, Inc.*, 210 Neb. 72, 313 N.W.2d 224 (1981); *Trebelhorn v. Bartlett*, 154 Neb. 113, 47 N.W.2d 374 (1951). The statute of limitations applicable to civil conspiracy is that applicable to the underlying wrong. *See Riddell, supra.*

Jones' Count II alleges Defendants conspired to violate her civil rights to be free from unreasonable arrest and seizure, from wrongful imprisonment and punishment, to be free from malicious prosecution.  (Filing No. 1, ¶ 102)  The underlying lawsuit was filed pursuant to 42 U.S.C. 1983.  As argued above, the statute of limitations is 4 years.  Based on Jones' allegations, all of the

incidents involving the State Defendants occurred in excess of 4 years from the filing of the instant case. (See Filing No. 1, ¶¶ 22, 66, 69) As such, the case, including Count II, should be dismissed.

## II.   THE NEBRASKA STATE PATROL SHOULD BE DISMISSED AS A PARTY.

Jones' Complaint seeks damages against a Nebraska state agency, the Nebraska State Patrol. A suit against a state agency is, in reality, a claim against the State itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Jones' claims against the Nebraska State Patrol and State of Nebraska should be dismissed pursuant to Eleventh Amendment Sovereign Immunity.

Unless a state has waived its Eleventh Amendment immunity or Congress has overridden it, a state cannot be sued directly in its own name, regardless of the relief sought. *See Kentucky v. Graham*, 473 U.S. 159 (1985). A claim for damages against a state is barred under Sovereign Immunity. *Will*, 491 U.S. at 66; *Andrus by & Through Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999). Congress has not abrogated the states' sovereign immunity from claims arising under § 1983, nor has the State of Nebraska waived such immunity for damages claims except as provided exclusively in the State Tort Claims Act, Neb. Rev. Stat. §§ 81-8, 209 *et seq*. *See Doe v. Bd. of Regents*, 280 Neb. 492, 512-13, 788 N.W.2d 264, 282 (Neb. 2010).

Consequently, the Nebraska State Patrol and the State of Nebraska should be dismissed.

## III.   JONES' CLAIMS ARE BARRED BY *HECK V. HUMPHREY*, 512 U.S. 477 (1994).

State Defendants next assert that Jones' case is barred by the principles set forth by the United Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994). As Jones' lawsuit necessarily seeks to challenge the validity of her imprisonment, her case is barred as she has not pled the requirement that her imprisonment has been previously invalidated as required by *Heck*.

In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared

> invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. 477, 487 (1994).

The Supreme Court has observed that the requirement of favorable termination in the context of malicious prosecution suits prevents parallel litigation over the issues of probable cause and guilt and the possible creation of conflicting resolutions arising out of the same or identical transactions. *See Heck*, 512 U.S. at 484. Courts have further reasoned that "only terminations that indicate that the accused is *innocent* ought to be considered favorable." *Hilfirty v. Shipman*, 91 F.3d at 580 (3rd Cir. 2000)(Emphasis added)(relying on Restatement (Second) of Torts § 660 cmt. a ("Proceedings are 'terminated in favor of the accused' . . . only when their final disposition is such as to indicate the innocence of the accused.")); *Taylor v. Gregg*, 36 F.3d 453, 456 (5th Cir.1994) (per curiam) (same); *Singleton v. City of New York*, 632 F.2d 185, 193 (2nd Cir.1980) (same).

As there are no allegations in the instant lawsuit that Jones' imprisonment and or charges against her have been expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, the case is barred under *Heck* and should be dismissed.

IV. **JONES' COUNT I FOR MALICIOUS PROSECUTION IS NOT AN ACTION THAT CAN BE BROUGHT PURSUANT TO 42 U.S.C. § 1983 AND SHOULD BE DISMISSED.**

"To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must show a deprivation of a right, privilege, or immunity secured by the Constitution or the laws of the United States." *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). The 8th Circuit has held that allegations of malicious prosecution fail to state a claim for which relief can be granted under § 1983. *Pace v. City of Des Moines*, 201 F.3d 1050, 1055 (2000). It is well established in this circuit that "[a]n action for malicious prosecution by

itself is not punishable under § 1983 because it does not allege a constitutional injury." *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 977 (8th Cir. 1993); *see also Gordon v. Hansen*, 168 F.3d 1109, 1114 (8th Cir. 1999).

Jones' Complaint lists her first cause of action as "Count I: 42 U.S.C. § 1983 – Malicious Prosecution." (Filing No. 1, p. 15) Jones then alleges that "Defendants deliberately and purposely brought about Plaintiff's arrest, confinement and prosecution by acting with deliberate indifference to Plaintiff's constitutional rights." (Id., ¶ 90) Based on this, the State Defendants ask this Court to dismiss Count I against them as it is not an actionable claim in this Circuit.

## V. JONES' COMPLAINT FAILS TO STATE A CAUSE OF ACTION AGAINST DEFENDANT SANKEY.

Jones' claims against Defendant Sankey should be dismissed with prejudice under 12(b)(6) as there have been no causes of action alleged against him that address any specific acts on his part that would violate Jones' rights. Further, Defendant Sankey cannot be held responsible under 42. U.S.C. § 1983 under a theory of *respondeat superior*.

"Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir .2006) (internal quotations and citations omitted). A plaintiff fails to meet this burden where no evidence is presented that the officials caused the suppression of exculpatory evidence "or that [the officials] participated in the investigation in anything other than a limited manner." *Fleming v. Greater St. Louis Area Major Case Squad*, 48 F.3d 1223, 1995 WL 57457, at *2 (8th Cir. Feb.14, 1995) (unpublished).

Liability under 42 U.S.C. § 1983 may not be grounded on a *respondeat superior* theory to shift the responsibility of a plaintiff's injuries from the actual wrongdoers to their supervisors. *Hahn v. McLey*,

737 F.2d 771 (8th Cir. 1984). Indeed, this is well-settled law. *See Rizzo v. Goode*, 423, U.S. 362 (1976); *Glynn v. Auger*, 678 F.2d 760 (8th Cir, 1982); *Smith v. Maracantonio*, 910 F.2d 500 (8th Cir. 1990); *Kulow v. Nix*, 28 F.3d 855 (8th Cir. 1994); *Keeper v. King*, 130 F.3d 1309 (8th Cir. 1997).

Also, the Eighth Circuit has found a person cannot be held liable simply because he or she supervises one who allegedly deprived a plaintiff of a constitutional right. *Wilson v. City of North Little Rock*, 801 F.2d 316, 322-23(8th Cir. 1986). The general duty of supervising is "insufficient to establish personal involvement required to support liability." *Keeper*, 130 F.3d at 1314. Moreover, a supervisor may be subject to liability under § 1983 only if he directly, personally participates in a constitutional violation. *Springdale Educ. Ass'n v. Springdale School Dist.*, 133 F.3d 649, (8th Cir. 1998); *See also McDowell v. Jones*, 990 F.2d 433, 435 (8th Cir. 1993); *Burgess v. Moore*, 39 F.3d 216 (8th Cir. 1994). In order to hold a supervisor liable under § 1983 a plaintiff must allege that the supervisor "personally participated in or had direct responsibility for the alleged violations," or that the supervisor "actually knew of, and was deliberately indifferent to or tacitly authorized the unconstitutional acts." *McDowell*, 990 F.2d at 435, (citing *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) and *Pool v. Missouri Dept. of Corr. & Human Resources*, 883 F.2d 640, 645 (8th Cir. 1989)). *See also Hahn*, 737 F.2d at 773 (prison official may be liable only for the acts of a subordinate officer if the injury inflicted upon the plaintiff was a result of a breach of the official's duty to train, supervise, or control the actions of the subordinate officer); *McDowell*, 990 F.2d at 435 (plaintiff required to show that the supervisor actually knew of, and was deliberately indifferent to, or tacitly authorized, the unconstitutional acts).

Jones' Complaint neglects to plead sufficient personal involvement of Defendant Sankey in connection to the alleged violations of Jones' rights. Jones' blanket, conclusory allegations in support of the civil rights claims against this defendant generally fail to state a plausible claim for relief.

With regards to Defendant Sankey, all that is alleged is that he was the Colonel for the NSP during all times material herein and that he "failed to properly supervise Defendants Kober and Rogers

during their investigations." (Filing No. 1, ¶¶ 10, 64). There are no allegations in the Complaint that Defendant Sankey personally participated in, had direct responsibility for the alleged violations or actually knew of, and was deliberately indifferent to or tacitly authorized any alleged unconstitutional act to establish liability based on *respondeat superior*. Based on Jones' Complaint, this Defendant lacks the requisite culpability or causation to violate a constitutional right of Jones. Absent allegations of direct, personal involvement, or involvement perpetuating unconstitutional conditions, the claims against Defendant Sankey should be dismissed with prejudice.

VI. **DEFENDANTS SANKEY, ROGERS, AND KOBER RE NOT LIABLE FOR ANY ALLEGED DEPRIVATION OF RIGHTS RESULTING FROM THE DECISION TO FILE CRIMINAL CHARGES AGAINST JONES BECAUSE THEY HAVE NO AUTHORITY TO FILE CRIMINAL CHARGES OR DISMISS CRIMINAL CHARGES.**

Once an arrest is made and the suspect is ordered to be detained, Nebraska State Patrol officers have no role in determining what charges will be filed or how long the suspects will be detained. There is no authority under Nebraska statutory or case law that state patrol officers or the Colonel of the NSP the power to criminally charge suspects, dismiss criminal charges or to release a suspect who has been ordered held by a Nebraska court. These law enforcement officers do not have the authority to intervene in criminal prosecutions. They cannot overturn or challenge a judge's decision to detain a suspect nor do they have any authority to dictate to prosecutors what charges are filed or when to drop charges.

None of the named State of Nebraska Defendants were responsible for all decisions relating to the prosecution of Jones. The State Defendants did not make the decision to charge Jones. As argued earlier in this brief, it has long been recognized that an actionable civil rights claim requires a causal link to and direct responsibility for, the deprivation of rights protected by the U.S. Constitution.

*Clemmons v. Armontrout*, 477 F.3d 962 967 (8th Cir. 2007); *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).

Once Jones was placed under arrest, the decision to prosecute her was not within the authority of the State Defendants. As police offices, like the State Defendants, have no authority to file or dismiss criminal charges, the State Defendants should be dismissed.

## VII. JONES ALLEGATIONS RELATING TO 1ST, 6TH, AND 8TH AMENDMENT VIOLATIONS SHOULD BE DISMISSED AGAINST THE STATE DEFENDANTS BASED ON FAILURE TO STATE A CLAIM.

Jones' lawsuit contains two counts yet references several Constitutional Amendment violations throughout, including the 1st, 6th, and 8th. (Filing No. 1, ¶ 87)

In reference to the 1st Amendment, Jones asserts this right was violated by "requesting, obtaining and seeking to enforce an Order of the Court to restrain Plaintiff from engaging in her religious practice and ministry of Direct Entry Midwifery in the State of Nebraska. (Filing No. 1, ¶ 94(E)). However, there are no allegations pled against the individual State Defendants that they had any participation or involvement on this topic. Jones' Complaint instead alleges that these acts were done by other named defendants. (*See* Filing No. 1, ¶ 58; "Defendants Bowers and Clark claimed Plaintiff violated the requirements of the Credentialing Act.") The NSP individual Defendants were not involved in this matter, nor does Nebraska law allow them any such authority. Jones' Complaint fails to establish personal involvement to establish liability against the individual State Defendants for a deprivation of her constitutional rights. *See Mayorga supra.*

Jones also claims that "Defendants' actions deprived Plaintiff of her Federal Civil Rights to a speedy public trial by an impartial jury" violating her 6th Amendment rights. (Filing No. 1, ¶ 97) The State Defendants, Roger, Kober, and Sankey, are NSP officials were not and would not be involved in this judicial process. Nor are there any allegations against them with regards to this assertion.

Jones asserts an 8th Amendment claim against Defendants by alleging their actions constituted deliberate infliction of cruel and unusual punishment upon Plaintiff. (Filing No. 1, ¶ 98) The 8th Amendment prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes. *Wilson v. Seiter*, 501 U.S. 294, 296–97 (1991). Jones was never convicted of a crime nor has she pled any actions, yet alone punishments, by the State Defendants that would constitute any 8th amendment violations. Accordingly, this claim as well should be dismissed.

## VIII. JONES' CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS ARE BARRED BY QUALIFIED IMMUNITY.

"Qualified immunity is '*an immunity from suit* rather than a mere defense to liability' and 'is effectively lost if a case is erroneously permitted to go to trial.'" *Mathers v. Wright*, 636 F.3d 396, 399 (8th Cir. 2011) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)) (emphasis in original). "The inquiry is one of law, not fact, and is to be decided at the earliest possible stage of the litigation." *Id.* (citing *Bridgewater v. Caples*, 23 F.3d 1447, 1449 (8th Cir. 1994)).

Qualified immunity shields public officials from civil liability unless the plaintiff can show: (1) the official violated a statutory or constitutional right, and (2) that right was "clearly established" at the time of the challenged action. *Ashcroft v. al-Kidd*, 563 U.S. 731, 131 S.Ct. 2074, 2080 (2011) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982)). Courts have discretion to analyze these steps in any order. *See Pearson v. Callahan*, 555 U.S. 223, 236, 129 S.Ct. 808 (2009). Bypassing the constitutional question is particularly appropriate where "it is plain that a constitutional right is not clearly established but far from obvious whether in fact there is such a right." *Id.* at 237, 129 S.Ct. 808. In determining whether qualified immunity protects an official, the court must first determine whether the plaintiffs have presented facts which, if proven, demonstrate that the defendants violated a constitutional right. *See, e.g., County of Sacramento v. Lewis*, 523 U.S. 833, 842, n. 5 (1998). The Supreme Court's cases have generally providing government officials performing discretionary functions with

a qualified immunity, "shielding them from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987)

Based on the allegations contained in Jones' Complaint, the individual State Defendants are entitled to qualified immunity with respect to their alleged actions in this case.

Jones has alleged the Defendants (collectively), "omitted evidence and utilized demonstrably unreliable and misleading evidence to support their charges." (Filing No. 1, ¶ 92) Jones alleges "the Defendants' actions" in this context constituted violations of the United States 1st, 4th, 5th, 6th, 8th, and 14th Amendments. As argued above, State Defendants argue they should be dismissed for failure to state a claim against them for the 1st, 6th, and 8th amendment violations and will therefore not engage in a qualified immunity analysis for those claims as there are no specific allegations against the State individual Defendants for these claims.

### A. Jones' 5th and 14th Amendment Due Process Allegations

The test for the due process 5th and 14th Amendment allegations in Jones' lawsuit is set forth in the 8th Circuit case of *Wilson v. Lawrence County*, (8th Cir. 2001).

In *Wilson*, the following was held:

> Negligent failure to investigate other leads or suspects does not violate due process. *See Daniels v. Williams*, 474 U.S. 327, 334, 106 S.Ct. 662 (1986) (holding that protections of the Due Process Clause are not triggered by negligence); *Baker v. McCollan*, 443 U.S. 137, 144, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979) (finding no cognizable constitutional claim where defendant's actions in detaining plaintiff for three days despite his protestations of innocence, without investigating those protests, amounted to no more than negligence). Even allegations of gross negligence would not rise to the level of a constitutional violation. *Myers v. Morris*, 810 F.2d 1437, 1468 (8th Cir.1987) (stating that gross negligence is generally not sufficient to state a procedural or substantive due process violation), overruled on other grounds, *Burns v. Reed*, 500 U.S. 478, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991). The district court noted that only reckless or intentional failure to investigate other leads offends a defendant's due process rights. *See Sanders v. English*, 950 F.2d 1152, 1162 (5th Cir.1992) (denying qualified immunity where evidence could support a finding that defendant had deliberately ignored exonerating information indicating he had arrested the wrong person); *Whitley v. Seibel*, 613 F.2d

682, 686 (7th Cir.1980) (noting that while negligent acts in an investigation do not violate due process, intentional acts do).

260 F.3d at 955 (8th Cir. 2001).

*Wilson* further held, "the general test of whether executive action denying a liberty interest is egregious enough to violate due process is whether it shocks the conscience." 260 F.3d at 956 (Citing *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)). The Eighth Circuit has held that a plaintiff must demonstrate "*both* that the official's conduct was conscience-shocking, *and* that the official violated one or more fundamental rights that are deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." *Schmidt v. Des Moines Pub. Schs.*, 655 F.3d 811, 816 (8th Cir.2011) (quoting *Norris v. Engles*, 494 F.3d 634, 638 (8th Cir.2007) (emphasis in original)). Furthermore, there is a "heavy burden on those wishing to extend substantive due process into new arenas." *Brown v. Nix*, 33 F.3d 951, 954 (8th Cir.1994). The Eighth Circuit further has held that conduct must rise to a level of "malice or sadism resulting in the inhumane abuse of power that literally shocks the conscience. *Sheets v. Butera*, 389 F.3d 772, 778 (8th Cir.2004).

Even taking the facts in the light most favorable to Jones, her claims fail and Defendants should be dismissed based on the legal principle of qualified immunity. As pled by Jones, Defendants Rogers and Kober interviewed several individuals, including treating physicians and the State of Nebraska Licensure Unit of DHHS. (*See* Filing No. 1, ¶ 48) Further, Defendant Rogers met with and reviewed the summary statement of medical doctor, Dr. David Bolam to assist in his investigation. (Id., ¶ 50). Nothing alleged in Jones' Complaint rises to the level of "shocking the conscience" thus affording Defendants qualified immunity.

B. Jones' 4th Amendment Allegations

Any claims for 4th Amendment violations fail to allege a legally cognizable claim for the violation of such a right. That one cannot be arrested in the absence of probable cause is clearly established. *Beck v. Ohio*, 379 U.S. 89 (1964). However, only where an arrest so lacking any indicia of probable cause would make an arrest unreasonable and thus not shielded by qualified immunity. *Malley v. Briggs*, 475 U.S. 335, 345 (1986) In this case, as pled by Jones again, it is apparent State Defendants Rogers and Kober acted a reasonable manner during their investigation. Both investigators were investigating the death of an infant and proceeded reasonably. That is, they interviewed medical professionals and contacted the State of Nebraska Licensure Unite of DHHS to investigate Jones. (Filing No. 1, ¶¶ 47-48, 50) Further, the investigator troopers were advised by a physician that the "cause of death was lack of post-birth care." (Filing No. 1, p. 29) As alleged by Jones, Defendant Rogers is the one who drafted the arrest warrant. (Filing No. 1, ¶ 53) Jones' pled allegations form a sufficient fact pattern for this Court to conclude that Defendant Rogers had an indicia of probable cause thus making it reasonable and shielded by qualified immunity.

C. Jones' Conspiracy Allegations

Count II alleges a conspiracy to violate civil rights claim against all of the named Defendants. To prove a 42 U.S.C. § 1983 conspiracy claim, a plaintiff must show: (1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff. *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir.1999). The plaintiff is additionally required to prove a deprivation of a constitutional right or privilege in order to prevail on a § 1983 civil conspiracy claim. *Id.* Further, a plaintiff pled facts sufficient to support the conclusion that the defendants reached an agreement to deprive the plaintiff of constitutionally guaranteed rights. *Larson by Larson v. Miller*, 76 F.3d 1446, 1458 (8th Cir. 1996).

Jones' that the conspiracy claim fails and the State Defendants are entitled to qualified immunity as none of the State Defendants violated any of Jones' constitutional rights, and absent a constitutional violation, there is no actionable conspiracy claim.

## CONCLUSION

Based on the arguments set forth above, the State Defendants ask that this Court dismiss Plaintiff's Complaint in its entirety and/or for the individual causes of actions as explained above.

Respectfully submitted this 12th day of December, 2017.

**NEBRASKA STATE PATROL, DAVID SANKEY, CHRIS KOBER, AND JEFFREY ROGERS, Defendants.**

By: DOUGLAS J. PETERSON
*Attorney General of Nebraska*

By: *s/ Stephanie Caldwell*
Stephanie Caldwell, NE # 22994
*Assistant Attorney General*

OFFICE OF THE ATTORNEY GENERAL
2115 State Capitol
Lincoln, Nebraska 68509
(402) 471-2682
Stephanie.Caldwell@nebraska.gov
Attorneys for Defendants.

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 12th, 2017, I electronically filed the foregoing document with the Clerk of the United States District Court for the District of Nebraska using the CM/ECF system.

    By:    *s/Stephanie Caldwell*
             Stephanie Caldwell, NE # 22994